1   RICHARD J. DIEHL, Esq. (SBN 003409)
2   **DIEHL & WEGER**
    6700 Kalanianaole Hwy., Suite 208
3   Honolulu, HI 96825
    Tel: (808) 396-4080
4   Fax: (808) 395-4440

5   JORDON METZ, Esq. (CA SBN 167355)
6   **BARBOSA, METZ & HARRISON, LLP**
    17547 Ventura Blvd., Suite 310
7   Encino, CA 91316
    Tel: (818) 386-1200
8   Fax: (818) 386-1212

9   Attorneys for Plaintiffs, KAREN MICHAUD and LESLIE WILLIAMS

10

11                    **UNITED STATES DISTRICT COURT**

12                         **DISTRICT OF HAWAII**

13

14   KAREN MICHAUD and            CASE NO. CV10 00531 ACK LEK
     LESLIE WILLIAMS,
15                                 Civil Rights
16          Plaintiffs,
                                   *Assigned to the Honorable Alan C. Kay,*
17   v.                            *District Judge Presiding*

18   CASANOVA, INC.; JOSHUA A.     FIRST AMENDED COMPLAINT FOR
19   STONE; and DOES 1 through 10, INJUNCTIVE RELIEF AND
     Inclusive,                    DAMAGES: DENIAL OF CIVIL
20                                 RIGHTS OF A DISABLED PERSON
                                   IN VIOLATION OF TITLE III OF THE
21          Defendants.           AMERICANS WITH DISABILITIES
                                   ACT; AND HAWAII CIVIL RIGHTS
22                                 LAW
23   _____

24

25

26

27

28

1   Plaintiffs KAREN MICHAUD and LESLIE WILLIAMS complain of

2   Defendants CASANOVA, INC.; CASANOVA, LTD.; JOSHUA A. STONE;

3   JOSHUA A. STONE REVOCABLE TRUST DATED APRIL 15, 1981; and DOES

4   1 through 10, inclusive, and allege as follows:

5   **INTRODUCTION:**

6   1.      The Casanova Italian Restaurant and Deli ("Restaurant") proclaims

7   itself to be "one of the great reasons to live on the slopes of Haleakala Crater. A

8   tasty, classy, fun, romantic, passionate reason," and is the subject facility of

9   Plaintiffs' complaint. The Restaurant is located in the town of Makawao on the

10  island of Maui and offers its patrons a unique restaurant and entertainment facility

11  in Upcountry Maui. Unfortunately, on information and belief, the Restaurant is not

12  physically accessible to persons who use wheelchairs or others who have mobility

13  disabilities, as discussed herein below. On information and belief, the Restaurant

14  has been constructed, altered, added to, and/or structurally repaired after January

15  26, 1992, in violation of Title III of the Americans with Disabilities Act of 1990

16  ("ADA"), which was enacted to protect the civil rights of disabled persons to use

17  public accommodations in a full and equal manner.

18  2.      Plaintiff KAREN MICHAUD ("Michaud" or, collectively with

19  LESLIE WILLIAMS, "Plaintiffs") is a qualified person with a physical disability

20  who requires the use of a wheelchair for mobility, and cannot stand or walk.

21  3.      Plaintiff LESLIE WILLIAMS ("Williams" or, collectively with

22  KAREN MICHAUD, "Plaintiffs") is a qualified person with a physical disability

23  who requires the use of a wheelchair for mobility, and cannot stand or walk.

24  4.      CASANOVA, INC.; CASANOVA, LTD.; JOSHUA A. STONE; and

25  JOSHUA A. STONE REVOCABLE TRUST DATED APRIL 15, 1981 and DOES

26  1 through 10, inclusive (collectively "Defendants"), are the owners, operators,

27  lessors and/or lessees of the Restaurant, located at 1188 Makawao Avenue,

28  Makawao, Hawaii. Plaintiffs allege that the Restaurant has been constructed, added

1  to and/or structurally repaired in violation of Title III of the ADA and its

2  implementing regulations, and Americans with Disabilities Act Accessibility

3  Guidelines (ADAAG) and/or failed to remove barriers or modify policies and

4  practices that were and are readily achievable under the factors set forth in 42

5  U.S.C. § 12181, enacted to provide disabled access to persons with physical

6  disabilities in places of public accommodation. Plaintiffs allege that Defendants

7  have failed to provide disabled access to their facilities that is offered to able-bodied

8  persons, despite Defendants' obligations under the ADA to make their facilities

9  accessible to and useable by persons with disabilities and that they provide their

10  goods, services, and accommodations in a non-discriminatory manner to Plaintiffs

11  and other disabled persons. As a result, Plaintiffs have suffered damages and seek

12  an injunction to require Defendants to make their facilities readily accessible to and

13  useable by Plaintiffs and other persons with disabilities and to modify their policies

14  and procedures to make their Restaurant and its facilities accessible to and usable

15  by Plaintiffs and other similarly physically disabled persons, as required by law.

16  Plaintiffs have been and continue to be deterred from returning to the Restaurant

17  until such time as Defendants make their public accommodations and facilities

18  readily accessible to and usable by Plaintiffs and other similarly disabled persons.

19  **JURISDICTION AND VENUE:**

20      5.      This Court has jurisdiction over this action pursuant to 28 U.S.C.

21  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C.

22  §12101 *et seq*.

23      6.      Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

24  founded on the fact that the real property which is the subject of this action is

25  located in Hawaii and that Plaintiffs' causes of action arose in Hawaii.

26                              **FACTS OF THE CASE**

27      7.      Plaintiff Williams is a long-time resident of Maui, and lives in

28  Makawao. Plaintiff Michaud is also a long-time resident of Maui and a regular

1   visitor to Makawao.   The Restaurant is a local attraction that provides both food
2   and entertainment for the community.  However, this unique public accommodation
3   is almost impossible for Plaintiffs to visit because of the dangerous lack of access
4   and the lack of accessible restrooms in the Restaurant.  Both Plaintiffs wish to visit
5   and patronize this business, but cannot do so without accessible parking, ramps,
6   restrooms and related facilities because of their disabilities.  Although, on
7   information and belief, the owners of these public accommodations are aware that
8   persons in wheelchairs cannot use their facilities or enjoy the food, entertainment or
9   socialize with friends at this local restaurant, they have not done anything to remove
10  barriers to make their facilities accessible to Plaintiffs or other disabled persons.

11         8.      Plaintiff Williams lives near the Restaurant and has frequently wished
12  to visit the Restaurant with her friends and family, but has been unable to do so
13  because she cannot access the Restaurant due to the dangerously steep ramp with
14  non-compliant handrails that is the only entrance without stairs.  As the result of the
15  lack of access, Plaintiff Williams has been unable to socialize with friends and
16  family and has been deterred from enjoying the goods, services and entertainment
17  Defendants offer to the general public.  Within the last year, Plaintiff Williams
18  attempted to access the Restaurant by having her grandson push her up the steep
19  ramp.  Her grandson was unable to push her up the ramp, and Plaintiff Williams
20  experienced great fear that she would roll down the ramp and injure herself and her
21  grandson.  Plaintiff Williams has been unwilling to risk injuring herself and
22  therefore has been unable to visit the Restaurant.

23         9.      Plaintiff Michaud is a regular visitor and friend of Plaintiff Williams.
24  Plaintiff Michaud also would like to be able to go to the Restaurant to enjoy the
25  food and entertainment that makes this public accommodation a unique facility in
26  this community.  Like Plaintiff Williams, Plaintiff Michaud has been deterred from
27  visiting the Restaurant and has been excluded from socializing with friends due to
28  the dangerously inaccessible facilities, and is unwilling to risk injury by attempting

1  to use a very steep and dangerous ramp to access the Restaurant.  On information

2  and belief, the Restaurant is inaccessible to wheelchair users in multiple ways

3  which include but are not limited to: 1) lack of accessible parking spaces and

4  accessible path of travel to the Restaurant's entrance, 2) a dangerously steep ramp

5  without compliant handrails which is the only public entrance that does not include

6  stairs, 3) excessively high thresholds to the Restaurant, 4) inaccessible restrooms

7  located up a series of stairs that do not allow a wheelchair user to enter and use the

8  restrooms, and 5) the Restaurant does not have accessible tables.

9  **FIRST CAUSE OF ACTION:**

10 **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §12101, *et seq.***

11     10.     Plaintiffs replead and incorporate by reference, as if fully set forth

12 again herein, the allegations contained in Paragraphs 1 through 9 of this Complaint,

13 and incorporate them herein as if separately repled.

14     11.     Defendants are the owners, operators, lessors, and/or lessees of the

15 Casanova Italian Restaurant and Deli.  Plaintiffs are informed and believe that each

16 of the named Defendants herein, including CASANOVA, INC.; CASANOVA,

17 LTD.; JOSHUA A. STONE; JOSHUA A. STONE REVOCABLE TRUST DATED

18 APRIL 15, 1981; and DOES 1 through 10, inclusive, are the owner, agent,

19 ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee,

20 representative, franchiser, franchisee, lessor, lessee, joint venturer, parent,

21 subsidiary, affiliate, related entity, partner, and/or associate, or such similar

22 capacity, of each of the other Defendants, and was at all times acting and

23 performing, or failing to act or perform, within the course and scope of such similar

24 aforementioned capacities, and with the authorization, consent, permission and/or

25 ratification of each of the other Defendants, and is personally responsible in some

26 manner for the acts and omissions of the other Defendants in proximately causing

27 the violations and damages complained of herein, and have participated, directed,

28 and have ostensibly and/or directly approved and/or ratified each of the acts or

1  omissions of each other Defendant, as herein described.  Plaintiffs will seek leave to
2  amend when the true names, capacities, connections, and responsibilities of
3  Defendants are ascertained.  References to "Defendants" unless otherwise specified,
4  shall be deemed to refer to all Defendants and each of them.

5  12.  Plaintiff LESLIE WILLIAMS is a "person with a disability" or
6  "physically handicapped person."  (Hereinafter, the words "physically
7  handicapped" and "physically disabled" are used interchangeably as these words
8  have similar or identical common usage and legal meaning.)  Williams is mobility
9  disabled and requires the use of a wheelchair for mobility in places of public
10  accommodation and seeks to live her life fully and model independence as part of
11  mainstream society without being deterred by unlawful access barriers in public
12  accommodations, and therefore she seeks to enforce her rights under the ADA to
13  readily accessible facilities at the Casanova Italian Restaurant and Deli for the
14  benefit of herself and others similarly disabled.

15  13.  Plaintiff Michaud is a "person with a disability" or "physically
16  handicapped person."  Michaud is mobility disabled and requires the use of a
17  wheelchair for mobility in places of public accommodation and seeks to live her life
18  fully and model independence as part of mainstream society without being deterred
19  by unlawful access barriers in public accommodations, and therefore she seeks to
20  enforce her rights under the ADA to readily accessible facilities at the Casanova
21  Italian Restaurant and Deli for the benefit of herself and others similarly disabled.

22  14.  In 1990, the United States Congress found that laws were needed to
23  more fully protect "some 43 million Americans with one or more physical or mental
24  disabilities; that historically society has tended to isolate and segregate individuals
25  with disabilities," and that "such forms of discrimination against individuals with
26  disabilities continue to be a serious and pervasive social problem; that the nation's
27  proper goals regarding individuals with disabilities are to assure equality of
28  opportunity, full participation, independent living and economic self sufficiency for

1  such individuals; and that the continuing existence of unfair and unnecessary
2  discrimination and prejudice denies people with disabilities the opportunity to
3  compete on an equal basis and to pursue those opportunities for which our free
4  society is justifiably famous." [42 U.S.C. §12101]

5       15.    Congress stated as its purpose in passing the Americans with
6  Disabilities Act (42 U.S.C. §12101(b)):

7             "It is the purpose of this act:

8             (1) to provide a clear and comprehensive national mandate for the
              elimination of discrimination against individuals with disabilities;
9

10            (2) to provide clear, strong, consistent, enforceable standards
              addressing discrimination against individuals with disabilities;
11

12            (3) to ensure that the Federal government plays a central role in
              enforcing the standards established in this act on behalf of individuals
13            with disabilities; and

14            (4) to invoke the sweep of Congressional authority, including the
              power to enforce the 14th Amendment and to regulate commerce, in
15            order to address the major areas of discrimination faced day to day by
              people with disabilities." (Emphasis added)
16

17      16.    As part of the ADA, Congress passed "Title III - Public
18  Accommodations and Services Operated by Private Entities" (42 U.S.C. § 12181, *et*
19  *seq.*). Among "private entities" which are considered "public accommodations" for
20  purposes of this title are "a restaurant, bar, or other establishment serving food or
21  drink."  [42 U.S.C. §12182(7)(B)]

22      17.    Pursuant to 42 U.S.C. §12182: "No individual shall be discriminated
23  against on the basis of disability in the full and equal enjoyment of the goods,
24  services, facilities, privileges, advantages, or accommodations of any place of
25  public accommodation by any person who owns, leases, or leases to, or operates a
26  place of public accommodation."

27      18.    Among the specific prohibitions against discrimination were included:
28  §302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices

1   or procedures when such modifications are necessary to afford such goods,

2   services, facilities, privileges, advantages or accommodations to individuals with

3   disabilities...;"

4   §302(b)(2)(A)(iii): "A failure to take such steps as may be necessary to ensure that

5   no individual with a disability is excluded, denied services, segregated, or otherwise

6   treated differently than other individuals because of the absence of auxiliary aids

7   and services...;"

8   §302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication

9   barriers that are structural in nature, in existing facilities... where such removal is

10  readily achievable;"

11  §302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier

12  under clause (iv) is not readily achievable, a failure to make such goods, services,

13  facilities, privileges, advantages, or accommodations available through alternative

14  methods if such methods are readily achievable."

15  The acts and omissions of Defendants set forth herein were in violation of

16  Plaintiffs' rights under Title III of the ADA and the regulations promulgated under

17  28 C.F.R. Part 36, *et seq.*

18        19.    On information and belief, Defendants designed, constructed,

19  significantly altered and/or added to the Restaurant facilities since January 26,

20  1992, with access barriers in violation of 42 U.S.C. § 12183(a)(1), and the

21  Department of Justice regulations enacted to enforce Title III protections.  In

22  addition, the removal of each of the barriers complained of by Plaintiffs, as herein

23  alleged, was at all times mentioned "readily achievable" under the standards of

24  Section 309 of the ADA since January 26, 1992 and continuing to the present day.

25  Further, on information and belief, Defendants have, since the date of the enactment

26  of the ADA, performed alterations and/or additions, including alterations to areas of

27  primary function, which, because of the failure to provide access, violate Section

28  303(a)(2) of the ADA, and the regulations promulgated thereunder; 28 CFR Part 36.

1  For at least the year prior to filing this Complaint, Plaintiffs have been deterred
2  from visiting and patronizing the Restaurant and Deli, which continue to deny full
3  and equal access to Plaintiffs and to other disabled wheelchair users in other
4  respects, which violate Plaintiffs' rights to full and equal access, and discriminated
5  against Plaintiffs on the basis of their disability, thus wrongfully denying to
6  Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges,
7  advantages and accommodations, in violation of Title III of the ADA. [42 U.S.C.
8  §12182]

9       20.    On information and belief, Defendants have also failed to modify their
10  policies and procedures to provide disabled patrons with goods, services and special
11  amenities that Defendants offer to the general public, but deny to Plaintiffs on the
12  basis of their physical disabilities.

13       21.    Pursuant to Title III of the ADA [§308], Plaintiffs are entitled to the
14  remedies and procedures set forth in the Civil Rights Act of 1964, §204(a) [42 USC
15  § 2000(a)-3(a)], as Plaintiffs are being subjected to discrimination on the basis of
16  disability in violation of this title.  On information and belief, Defendants continue
17  to violate the law and deny Plaintiffs' rights and that of other disabled persons to
18  access at this public accommodation since January 26, 1992.  Pursuant to
19  §308(a)(2): "In cases of violations of §303(a) . . . injunctive relief shall include an
20  order to alter facilities to make such facilities readily accessible to and usable by
21  individuals with disabilities to the extent required by this title . . . injunctive relief
22  shall also require the provision of an auxiliary aid or service, modification of a
23  policy or provision of alternative methods, to the extent required by this title."

24       22.    Plaintiffs seek relief pursuant to remedies set forth in the Civil Rights
25  Act of 1964, §204(a) (42 U.S.C. § 2000(a)-3(a), and pursuant to Federal
26  Regulations adopted to implement the ADA, including, but not limited to, an order
27  granting injunctive relief and attorneys' fees, litigation expenses and costs pursuant
28  to 42 U.S.C. § 12205 [§505].  Plaintiffs are qualified individuals for purposes of

1  Section 308(a) of the ADA who are being subjected to discrimination on the basis
2  of disability in violation of Title III and who have reasonable grounds for believing
3  they will be subjected to such discrimination each time that they may attempt to use
4  the Restaurant and its related public accommodations.

5      23.   <u>Request for Injunctive Relief</u>:  The acts and omissions of Defendants
6  as complained of herein continue to have the effect of wrongfully excluding
7  Plaintiffs and other members of the public who are physically disabled, including
8  wheelchair users, from full and equal access to that public accommodation known
9  as the Casanova Italian Restaurant and Deli.  Such acts and omissions are the cause
10  of humiliation and mental and emotional suffering of Plaintiffs in that these actions
11  continue to treat Plaintiffs as inferior and second class citizens and serve to
12  discriminate against them on the sole basis that they are persons with disabilities
13  who require the use of a wheelchair for mobility in public places.  Plaintiffs are
14  unable, so long as such acts and omissions of Defendants continue, to achieve equal
15  access to and use of this public accommodation.  The acts of Defendants have
16  proximately caused and will continue to cause irreparable injury to Plaintiffs if not
17  enjoined by this Court.  Plaintiff seeks injunctive relief to require Defendants to
18  remove the barriers to access complained of, and to provide all remedies, and
19  statutory attorneys fees, litigation expenses and costs, including those remedies
20  specified by section 505 of the ADA

21  **SECOND CAUSE OF ACTION:**
22  **VIOLATION OF**
**HAWAII CIVIL CODE § 489-3**
23      24.   Plaintiffs replead and incorporate by reference, as if fully set forth
24  again herein, the allegations contained in Paragraphs 1 through 23 of this
25  Complaint, and incorporate them herein as if separately repled.
26      25.   Hawaii law prohibits discriminatory practices that deny or attempt to
27  deny the full and equal accommodations of the goods, services, facilities, privileges,
28  advantages, and accommodations of a place of accommodation to persons with

1  physical impairments that substantially limit one or more major life activities.

2  (H.R.S. §§ 489-2 and 489-3)

3      26.    Any person who is injured by an unlawful discriminatory practice

4  may sue for damages sustained.  Plaintiffs, under H.R.S. § 489.75 shall be awarded

5  a sum not less than $1,000 or threefold the actual damages sustained by Plaintiffs,

6  whichever is greater, as well as reasonable attorneys' fees and costs.

7      27.    On information and belief, Plaintiffs have been damaged by

8  Defendants' unlawful discriminatory practices that have denied and continue to

9  deny them the goods, services, privileges and accommodations offered to the

10  general public at the Restaurant.

11      28.    Request for Damages: The acts and/or omissions of Defendants as

12  complained of herein continue to have the effect of wrongfully excluding Plaintiffs

13  and other members of the public who are physically disabled, including wheelchair

14  users, from full and equal access to the Restaurant.  Such acts and omissions are the

15  cause of humiliation and mental and emotional suffering of Plaintiffs in that these

16  actions continue to treat Plaintiffs as inferior and second class citizens and serve to

17  discriminate against them on the sole basis that they are persons with disabilities

18  who require the use of wheelchairs for mobility in public places. Plaintiffs request

19  damages for this continuing violation of their civil rights.

20      29.    As a result of Defendants' acts and omissions in this regard, Plaintiffs

21  have been required to incur legal expenses and attorneys' fees, as provided by

22  Hawaii law, in order to enforce Plaintiffs' rights and to enforce provisions of the

23  laws protecting access for disabled persons and prohibiting discrimination against

24  disabled persons.  Plaintiffs therefore seek recovery of all reasonable attorneys' fees

25  and costs pursuant to the provisions of Hawaii law.

26      Wherefore Plaintiffs pray for damages and injunctive relief as hereinafter

27  stated.

28  / / /

## PRAYER

## FIRST CAUSE OF ACTION

1.      For injunctive relief under the Americans with Disabilities Act of 1990, including ordering Defendants "to alter the facilities to make such facilities readily accessible to and usable by individuals with disabilities," and to modify policies as required pursuant to Title III of the ADA, §308 [42 U.S.C. § 12188];

2.      For attorneys' fees, litigation expenses and costs of suit, pursuant to Title III of the ADA, §505 [42 U.S.C § 12205], and attendant regulations; and

3.      For such other and further relief as the Court may deem proper.

## SECOND CAUSE OF ACTION

4.      For damages, injunctive relief, attorneys' fees and costs pursuant to H.R.S. § 489-7.5; and

5.      For such other and further relief as the Court may deem proper.

Dated: December 9, 2010          **BARBOSA, METZ & HARRISON,LLP**

By:    _____
JORDON METZ, Esq.
Attorneys for Plaintiffs, KAREN
MICHAUD and LESLIE WILLIAMS

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: December 9, 2010          **BARBOSA, METZ & HARRISON, LLP**

By:    _____
JORDON METZ, Esq.
Attorneys for Plaintiffs, KAREN
MICHAUD and LESLIE WILLIAMS