**MANCINI, WELCH & GEIGER**

PAUL R. MANCINI      1198-0
JAMES W. GEIGER      4684-0
33 Lono Avenue, Suite 470
Kahului, Hawai'i 96732
Telephone: (808) 871-8351
Facsimile: (808) 871-0732

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 08 2011

at __11__ o'clock and __10__ min. __A__ M.
SUE BEITIA, CLERK

Attorneys for Defendants
CASANOVA, LLC and JOSHUA A. STONE,
Trustee of the Joshua A. Stone
Revocable Trust dated April 15, 1981

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| KAREN MICHAUD and LESLIE WILLIAMS,<br><br>            Plaintiffs,<br><br>     vs.<br><br>CASANOVA, INC.; JOSHUA A. STONE; and DOES 1 through 10, Inclusive,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 10-00531 ACK LEK<br><br>DEFENDANTS CASANOVA, LLC AND JOSHUA A. STONE'S ANSWER TO FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DENIAL OF CIVIL RIGHTS OF DISABLED PERSON IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT, AND HAWAII CIVIL RIGHTS LAW; CERTIFICATE OF SERVICE |

DEFENDANTS CASANOVA, LLC AND JOSHUA A. STONE'S
ANSWER TO FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES; DENIAL OF CIVIL RIGHTS OF DISABLED
PERSON IN VIOLATION OF TITLE III OF THE AMERICANS
WITH DISABILITIES ACT, AND HAWAII CIVIL RIGHTS LAW

Defendants Casanova, LLC ("Casanova") and Joshua A. Stone, Trustee of the Joshua A. Stone Revocable Trust dated April 15, 1981 ("Stone"), (collectively "Defendants"), in response to the First Amended Complaint for Injunctive Relief and

114036

Damages, Denial of Civil Rights of Disabled Person in Violation of Title III of the Americans With Disabilities Act, and Hawaii Civil Rights Law states:

### FIRST DEFENSE

1. The First Amended Complaint ("FAC") fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

2. Answering the allegations contained in paragraph 1 of the FAC, Defendants admit that Casanova operates a restaurant located in Makawao, Hawaii. Defendants deny the remaining allegations of such paragraph.

3. Answering the allegations contained in paragraphs 2 and 3 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraphs and accordingly deny the same.

4. Answering the allegations contained in paragraph 4 of the FAC, Defendants admit that Casanova is the Lessee of the premises located at 1188 Makawao Avenue, Makawao, Hawaii, at which Casanova is an operator of a restaurant. Defendants also admit that Joshua A. Stone, Trustee of the Joshua A. Stone Revocable Trust dated April 15, 1981, is the Lessor of the premises located at 1188 Makawao Avenue, Makawao, Hawaii. Defendants deny the remaining allegations of such paragraph.

5. Answering the allegations contained in paragraph 5 of the FAC, Defendants admit that the FAC alleges a claim arising out of the laws of the United States and that 28 U.S.C. §1331 gives original jurisdiction of all civil actions arising under the laws of the United States to the United States District Court.

6. Answering the allegations contained in paragraph 6 of the FAC, Defendants admit that venue is proper in this court pursuant to 28 U.S.C. §1391(b).

7. Answering the allegations contained in paragraph 7 of the FAC, Defendants admit that the restaurant located at 1188 Makawao Avenue, Makawao, Hawaii (the "Restaurant") is a public accommodation. Defendants deny that persons in wheelchairs cannot use the Restaurant and that they have done nothing to remove barriers to make the facilities at the Restaurant accessible to disabled persons. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of such paragraph and accordingly deny the same.

8. Answering the allegations contained in paragraphs 8 and 9 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraphs and accordingly deny the same.

9. Answering the allegations contained in paragraph 10 of the FAC, Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 9 of the FAC.

10. Answering the allegations contained in paragraph 11 of the FAC, Defendants admit that Casanova is the Lessee of the premises at which the Restaurant is located, admit that Stone is Lessor of the premises at which the Restaurant is located, deny that Casanova is anything other than a Lessee, deny that Stone is anything other than the Lessor of the premises at which the Restaurant is located, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of such paragraph and accordingly deny the same.

11. Answering the allegations contained in paragraphs 12 and 13 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraphs and accordingly deny the same.

12. Answering the allegations contained in paragraphs 14, 15, 16, 17 and 18 of the FAC, Defendants admit that the Americans With Disabilities Act, 42 U.S.C. §12101, et seq., is a law of the United States and that the provisions of such law speak for themselves. Defendants are without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of such paragraphs and accordingly deny the same.

13. Answering the allegations contained in paragraph 19 of the FAC, Defendants deny that the premises at which the Restaurant is located have been designed, constructed, significantly altered and/or added to since January 26, 1992. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of such paragraph and accordingly deny the same.

14. Answering the allegations contained in paragraphs 20, 21, 22 and 23 of the FAC, Defendants deny the allegations of such paragraphs.

15. Answering the allegations contained in paragraph 24 of the FAC, Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 23 of the FAC.

16. Answering the allegations contained in paragraphs 25 and 26 of the FAC, Defendants admit that the State of Hawaii has adopted laws concerning discriminatory practices in Chapter 489, Hawaii Revised Statutes, and that such laws speak for themselves. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of such paragraphs and accordingly deny the same.

17. Answering the allegations contained in paragraphs 27, 28, 29 and the prayer of the FAC, Defendants deny the allegations of such paragraphs.

18. To the extent any allegation of fact is not specifically admitted, such allegations are hereby denied.

### THIRD DEFENSE

19. Defendants assert that the structure in which the Restaurant is located was not altered after January 1992 and accordingly the removal of architectural barriers are not readily achievable and that goods and services provided by the Restaurant are available through alternative means.

### FOURTH DEFENSE

20. Defendants reserve the right to assert additional defenses as discovery is conducted in this matter.

WHEREFORE, upon final hearing Defendants respectfully request that Plaintiffs FAC be dismissed, that Plaintiffs take nothing by way of their claims against Defendants, and that Defendants recover their fees and costs and any other relief to which they may be justly entitled.

DATED:   Kahului, Hawai'i, _February 7, 2011_.

_/s/ Paul R. Mancini_
PAUL R. MANCINI
JAMES W. GEIGER
Attorneys for Defendants
CASANOVA, LLC and JOSHUA A. STONE, Trustee of the Joshua A. Stone Revocable Trust dated April 15, 1981

CERTIFICATE OF SERVICE

I hereby certify that on the date hereof I caused a copy of the foregoing to be duly served by depositing same in the United States mail, postage prepaid, to the following at their last known address:

    Richard J. Diehl, Esq.
    Diehl & Weger
    6700 Kalanianaole Highway, Suite 208
    Honolulu, HI 96825

    Jordon Metz, Esq.
    Barbosa, Metz & Harrison, LLP
    17547 Ventura Boulevard, Suite 310
    Encino, CA 91316

    Attorneys for Plaintiffs

DATED:    Kahului, Hawai'i, _February 7, 2011_.

    _/s/ Paul R. Mancini_
    PAUL R. MANCINI
    JAMES W. GEIGER
    Attorneys for Defendants
    CASANOVA, LLC and JOSHUA A.
    STONE, Trustee of the Joshua
    A. Stone Revocable Trust dated
    April 15, 1981

114036